DLM

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MICHAEL OLIVEIRA**<br>**Plaintiff**<br><br>v.<br><br>**CITY OF PROVIDENCE,** by and through its Treasurer, **STEPHEN T. NAPOLITANO, JOHN DOE** individually and in his official capacity as a police officer employed by the City of Providence, **JOHN DOE** individually and in his official capacity as a police officer employed by the City of Providence, **JOHN DOE** individually and in his official capacity as a police officer employed by the City of Providence, **SARGEANT WILLIAM DWYER**, individually and in his official capacity as a police officer employed by the City of Providence, **JOHN or EDWARD RYAN**, individually and in his official capacity as a police officer employed by the City of Providence, **PATRICK MULHOLLAND**, individually and in his official capacity as a police officer employed by the City of Providence, **KENNETH WIGGINTON**, individually and in his official capacity as a police officer employed by the City of Providence, **DEAN ESSERMAN**, individually and in his official capacity as Chief of the City of Providence Police Department,<br>**Defendants** | : | **C.A. No.:**<br><br>CA 07 232 |

**COMPLAINT**

**I. Introduction**

This action is brought by Plaintiff seeking relief for injuries suffered as a result of acts and/or omissions committed by Defendants in violation of the Fourth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983, Article I, §6 of the Rhode Island Constitution, and common law.

## II. Parties

1. At all relevant times, the Plaintiff was a resident of the Town of Fairhaven, County of Bristol, State of Massachusetts.

2. Defendant City of Providence ("City") is a duly authorized and organized municipality pursuant to the laws of the State of Rhode Island and is sued by and through its Treasurer, Stephen T. Napolitano, the official designated by State Law, R.I.G.L. §45-15-5, to be named in a suit for relief against the City.

3. Defendant John Doe ("Doe")[1] is sued individually and in his official capacity as a police officer employed by the City of Providence Police Department.

4. Defendant John Doe ("Doe")[2] is sued individually and in his official capacity as a police officer employed by the City of Providence Police Department.

5. Defendant John Doe ("Doe")[3] is sued individually and in his official capacity as a police officer employed by the City of Providence Police Department.

6. Defendant William Dwyer ("Dwyer") is sued individually and in his official capacity as a police officer employed by the City of Providence Police Department.

7. Defendant John or Edward Ryan ("Ryan") is sued individually and in his official capacity as a police officer employed by the City of Providence Police Department.

8. Defendant Patrick Mulholland ("Mulholland") is sued individually and in his official capacity as a police officer employed by the City of Providence Police Department.

---

[1] At this time, fictitious names are being used for those Defendants whose identities could not be established despite reasonable diligence to identify said Defendants

[2] At this time, fictitious names are being used for those Defendants whose identities could not be established despite reasonable diligence to identify said Defendants

[3] At this time, fictitious names are being used for those Defendants whose identities could not be established despite reasonable diligence to identify said Defendants

9. Defendant Kenneth Wigginton is sued individually and in his official capacity as a police officer employed by the City of Providence Police Department.

10. Defendant Dean Esserman ("Esserman") is sued individually and in his official capacity as Chief of Police of the City of Providence.

## III. Jurisdiction

11. This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1332, 1343, 1367, 2201 and 2202.

## IV. Venue

12. Venue is proper in this Court since the Plaintiff is a resident of the State of Massachusetts and all of the Defendants may be found in the State of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

## V. Material Facts

13. On January 7, 2006, the Plaintiff was operating his vehicle in Providence, Rhode Island.

14. That while the Plaintiff was traveling in Providence, a vehicle began following the Plaintiff that was operated by an unknown driver.

15. The Plaintiff then pulled over and spoke with the driver who stated that he saw the Plaintiff hit another vehicle. The Plaintiff did not hit another vehicle and therefore denied this allegation.

16. The Plaintiff told the other driver that he was welcome to inspect his vehicle, and both cars then left the area.

17. The Plaintiff the approached an intersection where he noticed a marked police vehicle and pulled up alongside Defendant Dwyer or Ryan's police vehicle to inform the officer of the incident that transpired with the other driver.

18. Defendant Dwyer or Ryan exited his police vehicle and moved toward the Plaintiff's driver's side window. The Plaintiff the put his window down and without any exchange of words, Defendant Dwyer or Ryan struck the Plaintiff in the face with his fist.

19. The Plaintiff then put his window up, locked his car doors, and drove the vehicle out of the intersection to the side of the road where his vehicle was quickly surrounded by several police vehicles.

20. The Plaintiff was then confronted by an officer with a gun and told to exit his vehicle. The Plaintiff put his window down, put his hands in the air, and was handcuffed.

21. Defendants Dwyer or Ryan and Doe then attempted to pull the Plaintiff out of the vehicle through the window while Plaintiff was still wearing his seatbelt and ultimately struck and broke his windshield.

22. The Plaintiff explained to the officers that he was having difficulty exiting the vehicle because of his seatbelt and his inability to reach the door handle while in handcuffs.

23. The Plaintiff's handcuffs were removed and he then exited his vehicle and was thrown to the ground by Defendant Dwyer or Ryan.

24. Defendant Dwyer or Ryan struck then Plaintiff in the head with his knee and applied pressure to the Plaintiff's neck while Defendant Dwyer or Ryan yelled, "Yeah, chicken wing him."

25. Defendant Dwyer or Ryan then hyper extended the Plaintiff's right arm and Defendant Dwyer or Ryan kicked the Plaintiff in the testicles.

26. The Plaintiff was then picked up off the ground and thrown down on the trunk of a police cruiser.

27. The Plaintiff was then thrown into the back seat of a police cruiser by Defendant Dwyer or Ryan where he was left lying on the floor sideways.

28. The Plaintiff began yelling for help and banging on the window of the police cruiser with his foot, hoping to get the attention of a third party.

29. The Plaintiff was then removed from the cruiser and thrown onto the trunk of the police cruiser where he struck his head.

30. The Plaintiff was then placed in another police cruiser and transported for booking.

31. The Plaintiff was held overnight and released on bail on January 8, 2007 at which time he immediately sought treatment for his injuries.

32. The Plaintiff was charged with domestic simple assault, resisting arrest and malicious mischief. These criminal charges against the Plaintiff were subsequently dismissed.

33. That Defendants City and Esserman failed to properly select, train, instruct, supervise and discipline officers in the Department, including, but not limited to, Defendants Dwyer and Ryan, relative to the proper manner in which to effectuate a lawful search and seizure and arrest.

34. That on information and belief, during all relevant time periods, a custom or policy existed in the City Police Department wherein police misconduct was encouraged, acquiesced to or condoned or in which Defendants were deliberately indifferent to such misconduct.

35. The City is liable under the doctrine of respondeat superior for the negligent acts and/or omissions of their agents, including, but not limited to, Defendants Dwyer and Ryan, police officers employed by the City of Providence Police Department and under the direct supervision of Defendant Esserman, whose acts and/or omissions were within the scope of their employment, were the proximate cause of the injuries suffered by the Plaintiffs. R.I.G.L. §9-31-1.

36. That Defendants knew or should have known that the search, seizure, and detention of the Plaintiff was without reasonable or probable cause and was therefore unlawful under the circumstances. Despite such knowledge, the City, by and through their policy-making officials and agents, approved, acquiesced to, condoned, intentionally ignored, or were deliberately indifferent to the practice of routinely searching, seizing, and detaining individuals without legal cause, and failed to change or eliminate such unlawful policy.

37. At all relevant times, Defendants acted negligently, intentionally, willfully, maliciously, and/or with reckless or callous indifference to the Plaintiff's constitutionally and statutorily protected rights. Furthermore, at all relevant times, Defendants knew or should have known that their conduct would cause or contribute to the deprivation of the Plaintiff's civil rights and would cause the Plaintiff great physical and emotional harm.

38. As a proximate result of Defendants' acts and/or omissions, including, but not limited to, these described herein, the Plaintiff has suffered, and will continue to suffer, severe mental anguish, embarrassment, pain and suffering, deprivation of his civil rights, and other great harm.

## VI. Claims for Relief

39. The Plaintiff incorporates in the counts below the allegations contained in ¶¶ 1–38 above.

**Count One**
**Negligence**

40. Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, breached the duty of care owed to the Plaintiff thereby causing the Plaintiff to sustain reasonably foreseeable harm and damages as aforesaid.

**Count Two**
**Assault**

41. That Defendants Doe, Doe, Doe, Dwyer, Ryan, Wigginton and Mulholland, by their individual and concerted acts and/or omissions, including but not limited to those described herein, did commit acts of a threatening nature towards the Plaintiff, causing the Plaintiff to reasonably fear imminent bodily harm, thereby committing an assault, causing the Plaintiff to suffer damages as aforesaid.

**Count Three**
**Battery**

42. That Defendants Doe, Doe, Doe, Dwyer, Ryan, Wigginton and Mulholland, by their individual and concerted acts and/or omissions, including but not limited to those described herein, did intentionally cause offensive contact with and uncontested touching of the Plaintiff as well as trauma upon the body of the Plaintiff, thereby committing a battery, causing the Plaintiff to suffer damages as aforesaid.

**Count Four**
**Malicious Prosecution**

43. That Defendants Doe, Doe, Doe, Dwyer, Ryan, Wigginton and Mulholland, by their individual and concerted acts and/or omissions, including but not limited to those described

herein, did intentionally and maliciously institute a criminal action that was brought without probable cause and dismissed in favor of the Plaintiff.

**Count Five**
**Unreasonable Search and Seizure in Violation of 42 U.S.C. §1983**

44. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused the Plaintiff to be illegally searched and seized in derogation of the Plaintiff's constitutional right to be free from unreasonable searches and seizures, causing the Plaintiff to sustain damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Fourth Amendment to the U.S. Constitution, actionable pursuant to 42 U.S.C. §1983.

**Count Six**
**Unreasonable Search and Seizure in Violation of Article I, §6 of the RI Constitution**

45. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused the Plaintiff to be illegally searched and seized in derogation of the Plaintiff's constitutional right to be free from unreasonable search and seizures, causing the Plaintiff to sustain damages as aforesaid, and thereby deprived the Plaintiff of rights secured under Article I, §6 of the Rhode Island Constitution.

## VII. Prayers for Relief

**WHEREFORE**, Plaintiffs pray that this Court grant the following relief:

a. A declaratory judgment that Defendants, in the manner described herein, violated the Fourth Amendment to the U.S. Constitution, actionable pursuant to 42 U.S.C. §1983, and Article I, §6 of the Rhode Island Constitution by causing the Plaintiff to be unlawfully searched and seized.

b. An award of compensatory damages.

c. An award of punitive damages.

d. An award of reasonable attorney's fees and costs of litigation to the Plaintiff's attorneys pursuant to 42 U.S.C. §1988.

e. Such other and further relief as the Court deems just and proper.

**VIII. Demand for Jury Trial**

The Plaintiff hereby demand a trial by jury on all counts so triable.

**IX. Designation of Trial Counsel**

The Plaintiff hereby designate V. Edward Formisano, Esq. as trial counsel.

Plaintiff,
By his Attorneys,

V. Edward Formisano (#5512)
Sinapi, Formisano & Co., Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401) 943-9040 (facsimile)